IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS LEWIS HEARST,**

                **Plaintiff,**

     **v.**                                       **CASE NO. 06-3280-SAC**

**JENNIFER KEATING, et al.,**

                **Defendants.**

## O R D E R

     This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas.  The defendants named in the complaint are a Johnson County parole supervisor (Jennifer Keating), two LCF parole officials (Maggie Haghirian and S. Bailit), and the Kansas Secretary of Corrections (Roger Werholtz).  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action.  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to the court by plaintiff or on his behalf must first be applied to

plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff seeks damages for the alleged denial of due process in a preliminary probation revocation hearing conducted on August 24, 2006, in which probable cause for the revocation of plaintiff's probation was found. The August 24, 2006, hearing was held pursuant to a state court order dated August 15, 2006, in which the state court found merit to plaintiff's claim that earlier preliminary and final revocation hearings did not afford plaintiff adequate due process, and ordered new hearings.[2] The state court stayed its proceeding pending completion of the ordered rehearings. Pursuant to the probable cause determination reached in the August 24, 2006, hearing, a final revocation hearing is currently scheduled for

---

[1] *See* Hearst v. Peery, Case No. 06-3247-SAC ($350.00 district court filing fee).

[2] Plaintiff previously filed a separate action seeking damages for the alleged violation of his constitutional rights in these earlier hearing. *See* Hearst v. Peery, Case No. 06-3247-SAC.

October 27, 2006.

Plaintiff claims he was denied due process in the August 15, 2006, preliminary hearing because he was denied the right to confront and cross-examine a material witness. Plaintiff further contends the Kansas Secretary of Corrections failed to establish adequate rules, policies, and procedures to protect a parolee's rights in revocation proceedings. Having reviewed the record, the court finds this action is subject to being dismissed for the following reasons.

The state court stayed its proceeding until the relief granted was provided, and that forum clearly remains capable of addressing plaintiff's federal claims. Plaintiff identifies no basis for this court's intervention in that ongoing state court proceeding. *See* Younger v. Harris, 401 U.S. 37, 43 (1971)(federal courts should generally avoid interference with state criminal prosecutions which were begun before initiation of the federal suit); Parkhurst v. Wyoming, 641 F.2d 775, 777 (10th Cir. 1981)(extending Younger doctrine to § 1983 claim for damages). Because none of the exceptions to Younger abstention are evident on the face of plaintiff's pleadings,[3] the court finds the complaint is subject to being dismissed without prejudice pursuant to the abstention doctrine in Younger.

---

[3]Three narrow exceptions to the Younger abstention doctrine are recognized for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" that involve irreparable injury. Younger, 401 U.S. at 50, 53 (quotation marks omitted).

Also, to seek damages on claims that necessarily implicate the validity of plaintiff's confinement pursuant to the charges filed against him for violating the conditions of his probation, plaintiff must first demonstrate that the basis for his confinement has been overturned, reversed, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477 486-87 (1994). Heck applies to the revocation of parole or probation. *See* Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(claim involving false testimony at probation revocation hearing was invalid under Heck). Here, plaintiff's revocation proceeding is still pending, and there is nothing to indicate plaintiff has even presented his due process allegations regarding the August 15, 2006, hearing to the state court. Plaintiff's claim for damages is premature at best until he has exhausted available remedies, and because the favorable termination rule in Heck does not appear satisfied, the court finds plaintiff's claims for damages are subject to being dismissed without prejudice. *See* Beck v. City of Muskogee Police Department, 195 F.3d 553, 560 n.5 (10th Cir. 1999)(dismissals under Heck are without prejudice); Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice." (citations omitted)).

And finally, to the extent plaintiff seeks damages from Secretary Werholtz based on alleged deficiencies in the state revocation procedures, plaintiff fails to demonstrate any exhaustion

4

of administrative remedies on such a claim.[4]  *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  *See also See* <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).  Absent such a showing, plaintiff's complaint is subject to being dismissed without prejudice.  *See* <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed without prejudice for the reasons stated herein.  Plaintiff is advised that the failure to file a timely response may result in the complaint being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the $350.00 district court filing fee is to proceed pursuant to 28

---

[4] Nor does plaintiff indicate that he presented such a claim in his pending state court action.

U.S.C. § 1915(b)(2) after plaintiff's prior filing fee obligation has been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the complaint should not be dismissed without prejudice for the reasons stated by the court.

The clerk's office is to provide a copy of this order to plaintiff and to the Finance Officer at the facility where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 23rd day of October 2006 at Topeka, Kansas.


　　　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　　　U.S. Senior District Judge