IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS LEWIS HEARST,**

                **Plaintiff,**

     v.                                      **CASE NO. 06-3280-SAC**

**JENNIFER KEATING, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis in this action filed under 42 U.S.C. § 1983 while plaintiff was incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas. The defendants named in the complaint are a Johnson County parole supervisor (Jennifer Keating), two LCF parole officials (Maggie Haghirian and S. Bailit), and the Kansas Secretary of Corrections (Roger Werholtz).

Plaintiff claims he was denied due process in a preliminary parole revocation hearing conducted on August 24, 2006, in which probable cause was found for the revocation of plaintiff's probation. The August 24, 2006, hearing was held pursuant to a state court order dated August 15, 2006, in which the state court found plaintiff's earlier preliminary and final revocation hearings did not provide plaintiff with a notice of the charges against him,

and ordered new hearings.[1]  Pursuant to the probable cause determination reached in the preliminary hearing held on August 24, 2006, the Kansas Parole Board (KPB) held a final revocation hearing on October 24, 2006.  The KPB revoked plaintiff's parole and reparoled him on November 3, 2006, to an approved plan.

Plaintiff claimed he was denied the right to confront and cross-examine a material witness in the preliminary hearing on August 24, 2006, and claimed the Kansas Secretary of Corrections failed to establish adequate rules, policies, and procedures to protect a parolee's rights in revocation proceedings.  The court reviewed the record and directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.[2]

In response, plaintiff filed a motion to dismiss all claims against Secretary Werholtz, and filed a motion to amend the complaint to correctly identify defendant S. Bailit as Sarah Barnhardt.  The court grants these motions.  As a result, plaintiff

---

[1] Plaintiff filed a separate action seeking damages for the alleged violation of his constitutional rights in the earlier hearings.  *See* <u>Hearst v. Peery</u>, Case No. 06-3247-SAC.

[2] The court also noted at that time that plaintiff's final revocation hearing was still pending such that dismissal of the complaint without prejudice would be appropriate pursuant to the abstention doctrine in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Plaintiff's final revocation hearing is no longer pending, and there now is no continuing state court action.
    The court further noted that plaintiff had not sufficiently shown full exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a), and cited <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003).  However, that requirement in <u>Steele</u> was later abrogated by the Supreme Court in <u>Jones v. Bock</u>, --- U.S. ----, 127 S.Ct. 910 (Jan. 22, 2007).

seeks relief for the alleged violation of his right to due process in the August 24, 2006, preliminary hearing by defendants Keating, Haghirian, and Barnhardt.

Specifically, plaintiff states he requested that Sam Hiatt, plaintiff's parole officer throughout May 2006 when the charged violations of plaintiff's parole occurred, be called as a witness at the August 24 preliminary hearing. Hiatt resigned June 13, 2006, the date of plaintiff's arrest. Plaintiff sought Hiatt's presence at the preliminary hearing to establish that Hiatt was not plaintiff's parole officer on June 13, 2006, as stated in the Violation Report and the Statement of Charges/Notice of Preliminary Hearing dated June 16, 2006.[3] Defendants failed to secure Hiatt's appearance at the August 24 hearing, and stated only that Hiatt was no longer an employee of the Kansas Department of Corrections. When plaintiff appeared at the final revocation hearing scheduled for September 7, 2006, he complained that all of the witnesses he requested were not made available. The KPB continued the hearing until October 24, 2006, and Hiatt appeared at that rescheduled hearing.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Plaintiff's allegations are insufficient to establish that he was

---

[3] In plaintiff's companion case, 06-3247-SAC, the court dismissed plaintiff's amended complaint against Schwant, finding no cognizable constitutional claim was stated by Schwant's alleged misrepresentation of Hiatt as plaintiff's parole officer on June 13, 2006.

denied any right protected by the United States Constitution.

Here, plaintiff seeks relief on a claim that the three remaining defendants violated the state district court's order for a new preliminary hearing that afforded plaintiff adequate due process protections. To the extent plaintiff contends defendants failed to fully comply with state parole regulations and rules, these allegations state no claim upon which relief can be granted under § 1983. *See* Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988)(42 U.S.C. § 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law).

Nor are plaintiff's allegations sufficient to establish that plaintiff was denied due process in his parole revocation proceeding.

The Supreme Court has recognized that a parolee is entitled to a preliminary hearing with "notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing." Gagnon v. Scarpeli, 411 U.S. 778, 786 (1973)(*citing* Morrissey v. Brewer, 408 U.S. 471, 487 (1972)). If probable cause for revocation is found, a parolee is entitled to a final revocation hearing with similar procedural guarantees. Id. (*citing* Morrissey, 408 U.S. at 489). Plaintiff's allegations involve no such deprivation. Any error in being denied Hiatt as a witness in the

4

preliminary hearing on August 24, 2006, was cured by Hiatt's presence at the final revocation hearing on October 24, 2006, and by the appearance of Joshua Peery, the parole officer who stated that he took over Hiatt's case load on June 13, 2006.

Although plaintiff attempts to fashion a protected right based on specific mandatory language in the state regulations and rules, the Supreme Court has rejected this approach. Sandin v. Conner, 515 U.S. 472 (1995). Because there is nothing to indicate plaintiff was subjected to an "atypical and significant hardship...in relation to the ordinary incidents of prison life," his rights to due process were not triggered. Id. at 484.

Additionally, to the extent plaintiff's allegations of procedural error in the August 24, 2006, preliminary hearing necessarily imply the revocation of his parole was constitutionally deficient, plaintiff may not proceed on his claims until he can show the revocation decision was set aside or otherwise invalidated. *See* Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)(a § 1983 plaintiff may not recover damages for an allegedly unconstitutional confinement if judgment in favor of the plaintiff on the § 1983 claims would necessarily imply the invalidity of his confinement); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(Heck applied to claim involving false testimony at probation revocation hearing). Plaintiff's allegations make no such showing. Plaintiff's re-parole shortly after the revocation of his parole does not automatically satisfy this requirement as plaintiff contends, and there is nothing to indicate plaintiff sought further review of KPB's finding that

plaintiff was guilty of the four charged violations and the KPB's revocation of plaintiff's parole. Accordingly, any such claim is dismissed without prejudice.[4]  *See* Beck v. City of Muskogee Police Department, 195 F.3d 553, 560 n.5 (10th Cir. 1999)(dismissals under Heck are without prejudice).

For these reasons, the court concludes the amended complaint should be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss (Doc. 11) Secretary Werholtz as a defendant in this action is granted.

IT IS FURTHER ORDERED that plaintiff's motion for leave to amend the complaint (Doc. 12) to correctly identify defendant S. Bailit as Sarah Bernhardt is granted.

IT IS FURTHER ORDERED that the amended complaint is dismissed as stating no claim for relief.

---

[4] If plaintiff's reparole foreclosed state court review for error in the revocation proceeding, then Heck may present no bar. The Tenth Circuit Court of Appeals has noted judicial disagreement as to whether Heck should only apply when habeas relief is actually available to the § 1983 plaintiff, *see* Spencer v. Kemna, 523 U.S. 1 (1998), but has not yet decided the issue. Jackson v. Loftis, 189 Fed.Appx. 775, 778-79 (10th Cir.2006)(unpublished opinion). One other circuit has decided that a plaintiff may not proceed with § 1983 claim even if he is no longer in custody. *See* Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006)(Supreme Court has not squarely held that Heck favorable termination rule does not apply to defendants no longer in custody).

**IT IS SO ORDERED.**

DATED:   This 4th day of September 2007 at Topeka, Kansas.


                                     s/   Sam A. Crows
                                    SAM A. CROW
                                    U.S. Senior District Judge